THE GALLOWAY TOWNSHIP REPUBLICAN LEAGUE, PLAIN-TIFF-RESPONDENT, v. DAVID F. WHITE, CALVIN BRADS, THOMAS ALBINS AND STEVEN FARKAS, AS COUNCILMEN OF GALLOWAY TOWNSHIP AND INDIVIDUALLY, DEFEND-ANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 2, 1980—Decided January 2, 1980.

Before Judges ALLCORN, MORGAN and HORN.

*Ronald I. Bloom* argued the cause for appellants (*Bloom* and *Zlotnick,* attorneys).

*Donald D. Phillips* argued the cause for respondent.

PER CURIAM.

The parties have stipulated at oral argument that Shirley Doerr was elected as a member of the Galloway Township Council at the regular general election held November 1977, for a term of four years commencing January 1, 1978, and that she resigned the office effective November 16, 1979. It is further stipulated that Ms. Doerr's normal term of office would have terminated on December 31, 1981. The vacancy thus created as a result of Ms. Doerr's resignation did not occur subsequent to September 1 of the next to the last year of her term of office. Rather, it occurred during the second year of her term, leaving an unexpired term of more than two years. By reason of an error, all parties and the trial judge were under the misapprehension that Ms. Doerr's term of office expired on December 31, 1980 and, therefore, that the vacancy had occurred subsequent to September 1 of the next to the last year of her term.

At all events, it is obvious that inasmuch as the vacancy did not occur subsequent to September 1 of the next to the last year of Ms. Doerr's term, the filling of the vacancy is governed by the provisions of subsection (b) of *N.J.S.A.* 40A:16–5:[1]

> Whenever a vacancy occurs as provided in N.J.S. 40A:16–3 in the office of a mayor or in the membership of the governing body of a municipality holding general elections, the vacancy shall be filled in the following manner:
>
> a. If the vacancy occurs any time subsequent to September 1 of the next-to-the-last year and up to the expiration of the term of the officer whose office has become vacant, the office shall be filled for its unexpired term by appointment by the governing body as hereinafter provided:
>
> b. If the vacancy occurs at any other time, the vacancy shall be filled for its unexpired term at the next general election to be held not less than 60 days after the occurrence of the vacancy. The governing body may fill the vacancy temporarily by appointment as hereinafter provided.

The provisions of the statute are plain and unambiguous. If the vacancy occurs "at any time subsequent to September 1 of the next-to-the-last year" of the term of the office, subsection (a) mandates that the vacancy "shall be filled  .  .  .  by appointment of the governing body," presumably in accordance with the provisions of *N.J.S.A.* 40A:16–11 or *N.J.S.A.* 40A:16–12, whichever may be applicable. Where, however, the vacancy occurs prior to September 1 of the next to the last year of the term, as it did here, the statute directs that the vacancy must be filled "at the next general election to be held not less than 60 days after the occurrence of the vacancy." In addition, the affected governing body itself is empowered in its discretion to select an interim successor by appointment to fill the vacancy temporarily for the period intervening between the occurrence

---

[1]The Municipal Vacancy Law (*N.J.S.A.* 40A:16–1 *et seq.*, effective April 26, 1979) is here applicable, the pertinent section of the Optional Municipal Charter Law (*N.J.S.A.* 40:69A–114.5) having been repealed (*N.J.S.A.* 40A:16–23).

of the vacancy and the election of the permanent successor at the appropriate subsequent general election. The use of the word "may" in the last sentence of subsection (b) in contrast to the use of the word "shall" in both subsections (a) and (b) when directing how the vacancy must be permanently filled for the balance of the unexpired term—in one case by appointment by the governing body (subsection (a)); in the other case by election at a general election (subsection (b))—makes manifest the discretionary nature of the authority of the governing body to appoint or not to appoint an interim successor.

Accordingly, since the determination to fill or not to fill the vacancy for the interim period between the occurrence of the vacancy and the general election at which the permanent successor is selected is a matter lying within the sound discretion of the governing body, the court is without the authority to compel the governing body to exercise such discretion by appointing an interim successor.

Reversed.